COMMONWEALTH *vs.* NELSON GONZALEZ. No. 88-P-1139. November 9, 1989. *Identification. Practice, Criminal,* Argument by counsel, Instructions to jury.

The defendant was convicted of armed assault with intent to rob (G. L. c. 265, § 18) after a Superior Court jury trial. While none of the errors at the trial, considered alone, might have required a new trial, we conclude that the defendant was prejudiced by their cumulative effect. There must be a new trial.

1. Because the victim did not at any time see the face of the would-be robber (who was wearing a mask), the Commonwealth's case on identification was circumstantial. However, "[c]ircumstantial evidence is competent evidence to establish guilt." *Commonwealth* v. *Fuller*, 394 Mass. 251, 254 (1985), quoting from *Commonwealth* v. *Rojas*, 388 Mass. 626, 629 (1983). The evidence of identification and the permissible inferences therefrom were sufficient under the standard enunciated in *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979). See and compare *Commonwealth* v. *Germain*, 396 Mass. 413, 419 & nn. 8, 9, & 10 (1985). The motion for a required finding of not guilty was properly denied.

2. The jury learned that Officer Rosa went directly to the defendant's residence after hearing the general description of the would-be robber. While Rosa knew the defendant and had seen him earlier that evening, he also testified that he had not noticed what the defendant was wearing at that time. We agree with trial counsel, who twice tried to explain her reasoning to the trial judge, that an alert juror would naturally assume from this testimony that Officer Rosa believed the defendant was the missing assailant. Moreover, because the officer obviously knew both the defendant and his address, such a juror might well have wondered if there was a valid reason for the officer's belief which had not come out in his testimony. While it is true that defense counsel successfully prevented the prosecutor from developing why Officer Rosa went directly to the defendant's house and whether he was familiar with the defendant's description, we think that there was an inescapable inference from Officer Rosa's remaining testimony which defense counsel was forced to meet. [1] She thus was

---

[1] No *motion in limine* was filed in an effort to prevent Officer Rosa's testimony that he went directly to the defendant's house. Given the Commonwealth's intention to use the evidence that the defendant was not home a few minutes after the robbery to bolster an inference that it was he who

entitled to argue that Officer Rosa's implied opinion was irrelevant, as she attempted to do. See generally *Commonwealth* v. *Key*, 21 Mass. App. Ct. 293, 295-298 (1985). At the time Officer Rosa went to the Gonzalez home, his knowledge and intuition fell short of probable cause to arrest the defendant, and the judge's instructions concerning probable cause to arrest did not make counsel's attempted argument unnecessary.

3. As defense counsel was attempting in her closing argument to explain that the jury had to convict the defendant under the criminal standard, as contrasted with the civil standard, of proof, the judge interrupted and admonished her to "confine [her]self to arguing the facts of the case." "There was nothing wrong with [defense] counsel's trying to put the facts in the context of their legal setting and the judge's interruptions were uncalled for." *Commonwealth* v. *Sylvester*, 13 Mass. App. Ct. 360, 368 (1982), *S.C.*, 388 Mass. 749 (1983).

4. Although counsel's reference to the absence of a lineup was inartful, she was entitled to argue in the circumstances that as an alternative to the one-on-one showup it would have been fairer to ask the victim to pick the defendant out of a group of similar individuals. See *Commonwealth* v. *Gilmore*, 399 Mass. 741, 744-746 (1987). See also *Commonwealth* v. *Rodriguez*, 378 Mass. 296, 311 (1979). We also note that, while the judge gave a thorough identification instruction based upon the model instructions suggested in *Commonwealth* v. *Rodriguez*, *supra* at 310-311, he omitted the portion of the instructions which points out that such procedures are usually more reliable than one-on-one showups. See *id.* at 311.

5. A judge properly may use modern examples to explain the concepts of inference and circumstantial evidence to the jury. See *Commonwealth* v. *Shea*, 398 Mass. 264, 270-271 & n.3 (1986), with which contrast *Commonwealth* v. *Pomerleau*, 10 Mass. App. Ct. 208, 210-215 (1980). However, when the judge departs from *Commonwealth* v. *Webster*, 5 Cush. 295, 312, 319 (1850), and the usual examples of "footprints in the snow" or "the whistling tea kettle," he must exercise care not to choose illustrations which permit the drawing of remote or speculative inferences from assumed facts, the piling of inference upon inference, or the suggestion that, if one is very good at deductive reasoning, only one conclusion is possible. The particular reference to the methodology of Sherlock Holmes, in the format conveyed to the jurors by the judge, suffered from all three weaknesses.

*Judgment reversed.*
*Verdict set aside.*

*Brownlow M. Speer*, Committee for Public Counsel Services, for the defendant.

---

was observed walking down the street towards his home and then hiding by the river, it is unlikely such a motion would have been successful.

*Lynn Morrill Turcotte,* Assistant District Attorney, for the Commonwealth.